IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00414-WJM

ZAYO GROUP, LLC,

        Plaintiff,

vs.

6X7 NETWORKS, LLC,

        Defendant.

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff Zayo Group, LLC ("Zayo") respectfully submits this Response to the Court's Order to Show Cause [Doc. 6] and shows the Court as follows:

### STATEMENT OF MATERIAL FACTS

Zayo is a Delaware limited liability company with its principal place of business in Boulder, Colorado. Zayo is a single-member limited liability company. Zayo's sole member is Zayo Group Holdings, Inc. Zayo Group Holdings, Inc. is a Delaware corporation with its principal place of business in Boulder, Colorado. *See* Complaint ¶1 [Doc. 1].

Defendant, 6x7 Networks, LLC is a Delaware limited liability company with its principal place of business at 5030 3rd Street, San Francisco, California 94124. *Id.* at ¶2. Defendant's founder and owner is Lady Benjamin Cannon,[1] a citizen of California. *Id.* Thus, complete diversity exists among the parties.

---

[1] Lady Benjamin Cannon is a biological male individual who identifies as female. In accordance with her stated gender preference, she is identified as "Lady" Benjamin Cannon in the Complaint. *See* March 5, 2021 Email from Lady Benjamin Cannon to Olga Dmitrieva, Ex. 1.

## APPLICABLE LEGAL STANDARD

As the Court notes in its Order, because Zayo has invoked the jurisdiction of the Court, it bears the burden of establishing that jurisdiction is proper. *See Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014) ("Start with the rule that a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence."). In this regard, "[d]iversity jurisdiction requires complete diversity — no plaintiff may be a citizen of the same state as any defendant." *Elan Pharm., LLC v. Sexton,* 421 F.Supp.3d 1119, 1129 (D. Kan. 2019).

The citizenship of an unincorporated entity, such as a limited liability company ("LLC"), is determined by the citizenship of its members.[2] *Siloam Springs Hotel, LLC v. Century Sur. Co.,* 781 F.3d 1233, 1237-38 (10th Cir. 2015). The citizenship of an individual is determined by the individual's domicile. *De La Rose v. Reliable, Inc.,* 113 F.Supp.3d 1135, 1151 (D.N.M. 2015). "A person's place of residence is prima facie evidence of his or her citizenship." *Id.* (internal quotation omitted).

"The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *Montanez v. Future Vision Brain Bank, LLC*, 536 F.Supp.3d 828, 832 (D. Colo. 2021). As in the instant case, a facial attack on the Complaint's allegations concerning subject matter jurisdiction challenges the sufficiency of the Complaint. Therefore, the jurisdictional facts alleged by Zayo must be accepted as true. *Id.*; s*ee State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 519 (10th Cir. 1994); *see also Middleton,* 749 F.3d at 1200 ("The party invoking diversity

---

[2] An LLC is owned by its "members" who are similar to the shareholders of a corporation in that they are not personally liabile for the debts and obligations of the LLC. *See* Alan S. Gutterman, *Business Transactions Solutions* § 60:88 (Feb. 2022 Update). Thus, in the context of an LLC, the terms "members" and "owners" are synonymous.

jurisdiction might satisfy this burden by leaning on a rebuttable presumption that its domicile, once established, remains the same").

## ANALYSIS

In its Complaint, Zayo alleges that it is a single-member Delaware limited liability company. Zayo's sole member is a Delaware corporation with its principal place of business located in Colorado. Thus, for diversity jurisdiction purposes, Zayo is a citizen of Delaware and Colorado.

Zayo further alleged that Defendant is a single-member Delaware limited liability company founded and owned by Lady Benjamin Cannon.[3] Defendant's sole owner or member is a citizen of California.[4]

Based upon the foregoing, and as alleged in the Complaint, complete diversity exists between Zayo and Defendant. This Court has subject matter jurisdiction to adjudicate the matter.

## CONCLUSION

Zayo respectfully requests this Court to find that Zayo has met its burden to show that subject matter jurisdiction exists.

---

[3] Zayo's jurisdictional allegation is corroborated by the sworn testimony of Lady Benjamin Cannon provided in *6x7 Networks, LLC v. Sudo Security Group, Inc. et al.*, Case No CGC-19-581498 (Cal. Sup. Ct. Cty. Of San Francisco). *See* Declaration of Lady Benjamin Cannon ¶3, Ex. 2 ("I am the founder and owner of 6x7 Networks, LLC."). "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

[4] In Defendant's registration to conduct business in the State of California, Defendant's owner affirmed under penalty of perjury that she was Defendant's resident agent for service of process and provided her street address in San Francisco, California. *See* Application to Register a Foreign Limited Liability Company, Ex. 3.

DATED this 23rd day of February 2022.

/s/ *Anthony J. Jorgenson*
Anthony J. Jorgenson, OBA #17074
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
100 North Broadway
Suite 2900
Oklahoma City, Oklahoma 73102-8865
Telephone: (405) 553-2800
Facsimile: (405) 553-2855
E-mail: *ajorgenson@hallestill.com*

**ATTORNEYS FOR PLAINTIFF, ZAYO GROUP, LLC**

2557344.1:006214.00026