EXHIBIT 2

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
BRIAN SLOME, SB# 238134
   E-Mail: Brian.Slome@lewisbrisbois.com
550 West C Street, Suite 1700
San Diego, California 92101
Telephone: 619.233.1006
Facsimile: 619.233.8627

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JESSICA L. BEELER, SB# 268939
   E-Mail: Jessica.Beeler@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Cross-Defendants
6x7 Networks, LLC and Benjamin Cannon

ELECTRONICALLY
**F I L E D**
Superior Court of California,
County of San Francisco

**01/25/2021**
**Clerk of the Court**
BY: EDNALEEN ALEGRE
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| 6x7 NETWORKS, LLC, a Delaware limited liability company,<br><br>       Plaintiff,<br><br>  vs.<br><br>SUDO SECURITY GROUP, INC., a Delaware corporation doing business as Guardian; STEVE RUSSELL, an individual; SEAN SNYDER, an individual, and DOES 1 through 100, inclusive,<br><br>       Defendants.<br><hr>SUDO SECURITY GROUP, INC., a Delaware corporation,<br><br>       Cross-Complainant,<br><br>  vs.<br><br>6x7 NETWORKS, LLC, a Delaware limited liability company, and BENJAMIN CANNON, an individual,<br><br>       Cross-Defendants. | Case No. CGC-19-581498<br><br>**DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA OF SUDO SECURITY GROUP, INC. TO ANDREW WATTERS AND/OR FOR A PROTECTIVE ORDER**<br><br>Date: February 26, 2021<br>Time: 9:00 a.m.<br>Dept.: 301<br><br>Action Filed:   December 13, 2019<br>Trial Date:      None Set |

4814-5788-9753.1                 1

DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA

## DECLARATION OF BENJAMIN CANNON

I, Lady Benjamin Cannon, declare as follows:

1. I am a party to the above action. The facts set forth herein are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2. This Declaration is submitted in support of Cross-Defendants' motion for an order quashing the deposition subpoena issued by Cross-Complainant Sudo Security Group's ("Sudo") for the production of records from third-party witness Andrew Watters ("Watters").

3. I am the founder and owner of 6x7 Networks, LLC ("6x7"). One of the most important aspects of 6x7's dealings with its customers is the privacy and security 6x7 offers in keeping the customers' transactions and accounts private and confidential.

4. 6x7's businesses contacts with data providers, its methods of doing business, the details of its locations and security protocols are part of the trade secrets and confidences that are necessary to running the business in a very competitive marketplace.

5. Watters first approached me as a potential customer for 6x7 in or around April 2018, and then began performing legal services for 6x7 almost immediately after seeking our data services. Watters stopped performing legal services for 6x7 on July 12, 2020.

6. In the course of his legal work for 6x7, Watters became privy to a variety of its confidential documents and trade secrets.

7. On August 26, 2020, Watters filed a civil complaint against 6x7 and me in San Francisco Superior Court. I have read the allegations in that public filing and they contain disparaging personal attacks against 6x7 and me, and in numerous instances the public court document reveals confidential information Watters learned in the course of and during his legal representation of 6x7.

8. I have reviewed the deposition subpoena served by Sudo to Watters served on December 15, 2020 (the "deposition subpoena").

9. I believe that to the extent Watters has in his possession any documents that are responsive to the deposition subpoena, he is wrongfully in possession of those documents. Watters and 6x7 never had any agreement that he could retain any 6x7 documents after his legal

4814-5788-9753.1

2

DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA

1 representation ended.

2     10. The deposition subpoena seriously threatens the security and confidentiality of 6x7's business and the privacy of all other customers. I believe that an order requiring Watters to produce several categories of documents sought pursuant to the deposition subpoena would result in the release of confidential inormation of my company and its clients, would require divulging trade secrets that 6x7 has taken steps to keep confidential, and would violated the confidentiality agreements 6x7 has with all customers.

8     11. The broad scope of the subpoena, particularly requests 2 and 3, threatens the confidential business relationship between 6x7 and two of its vendors ()Wave Broadband and Cogent. Disclosure of 6x7's confidential financial dealings with all customers other than Sudo should not be allowed, and may compromise their security and their privacy. In addition, disclosure of these business dealings and relationships could substantially harm 6x7's ability to conduct business. Moreover, 6x7 is contractually obligated to protect and keep private and confidential the transactions of its customers. It is the practice of 6x7 to require a nondisclosure agreement before engaging in negotiations with potential clients, as evidenced by the nondisclosure agreement between 6x7 and Sudo. The master service agreement with every eventual client is even specifically marked as "confidential".

18     12. The fifth request in this deposition subpoena is very broad, and seeks all manner of records regarding all contract counter parties and potential clients, irrespective of whether or not it relates to Sudo. Because this request potentially encompasses any transaction for any client of any of the companies it is far too broad and would be extremely burdensome to respond, potentially involving hundreds of hours of time to search of potentially responsive documents.

23     13. Disclosures regarding request no. 6 [employee list], no. 7 [documents related to presence of security personnel], and no.12 [all photos of data center locations] could compromise 6x7's security.

26     14. 6x7 employees have privacy rights in their records, and disclosure of the information sought in request no. 6 could violate their respective privacy rights.

28     15. 6x7 has made efforts to keep the information sought by the deposition subpoena

4814-5788-9753.1                                3

DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA

1 | confidential and private. In particular, we require a non-disclosure agreement from all employees
2 | and potential clients.

3 | 16. When considered as a whole, the information sought by the document subpoena so
4 | greatly involves trade secrets that another party, if in receipt of the information, would have
5 | enough to create or at least attempt to create another identical company. Revelation of 6x7's
6 | vendor list, which is not known in the community, coupled with a list of existing and potential
7 | clients, has great value to potential competitors. Their exposure could have devastating financial
8 | consequences to 6x7 in such a highly competitive market.

9 | 17. I believe that Watters has personal animus towards me. In addition to his civil
10 | complaint, and despite the fact that he is our former legal counsel, he has demonstrated a pattern
11 | of revealing private information about me and 6x7 in public in other forums, such as his personal
12 | blog.

13 | I declare under penalty of perjury under the laws of the State of California that the
14 | foregoing is true and correct and that this declaration was executed on this 25th day of January,
15 | 2021, at Santa Rosa, California.

*[signature]*

Lady Benjamin Cannon

**CALIFORNIA STATE COURT PROOF OF SERVICE**
6x7 Networks, LLC v. Sudo Security Group, Inc., et al.
San Francisco County Superior Court, Case No. CGC-19-581498

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On January 25, 2021, I served true copies of the following document(s): DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| **Attorneys for Plaintiff, 6x7 Networks, LLC** | **Attorneys for Defendant/Cross-Complainant Sudo Security Group** |
|---|---|
| Marc A. Indeglia<br>Indeglia PC<br>13274 Fiji Way, Suite 250<br>Marina del Rey, California 90292<br>Tel.: (310) 982-2720<br>Email: marc@indegliapc.com | Richard D. Lutkus<br>M. Ryan Pinkston<br>Seyfarth Shaw LLP<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105<br>Tel.: (415) 397-2823<br>Fax: (415) 397-8549<br>Email: rlutkus@seyfarth.com<br>Email: rpinkston@seyfarth.com |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

☐ Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

☒ (BY ELECTRONIC SERVICE VIA FIRST LEGAL) Based on a court order, I caused the above-entitled document to be served through First Legal at https://firstlegal.com addressed to all parties appearing on the electronic service list for the above-entitled case. The service transmission was reported as complete and a copy of the First Legal Filing Receipt Page/Confirmation will be filed, deposited, or maintained with the original document in this office.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent from e-mail address mike.lewis@lewisbrisbois.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was



4814-5788-9753.1

5

DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA

1 unsuccessful.

2 I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

3

4 Executed on January 25, 2021, at San Francisco, California.

5

6 _____
Mike D. Lewis

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



4814-5788-9753.1

6

DECLARATION OF LADY BENJAMIN CANNON IN SUPPORT OF MOTION TO QUASH DEPOSITION SUBPOENA