IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 1:22-cv-00414-NYW-KLM

ZAYO GROUP, LLC,

    Plaintiff,

v.

6X7 NETWORKS, LLC,

    Defendant.

## ORDER

Pending before the Court is Plaintiff's Motion for Default Judgment (the "Motion" or "Motion for Default Judgment"). [Doc. 19]. In the Motion, Plaintiff Zayo Group, LLC ("Plaintiff" or "Zayo") seeks the entry of default judgment against Defendant 6x7 Networks, LLC ("Defendant" or "6x7"). The issues raised in the Motion have been adequately briefed and are ripe for resolution; oral argument would not materially assist the Court in resolving this matter. Upon review of the Motion, the record before the Court, and the applicable case law, the Motion for Default Judgment is hereby **DENIED WITHOUT PREJUDICE**, with leave to file a renewed motion for default judgment to address the deficiencies set forth below.

## BACKGROUND

Plaintiff is a Delaware limited liability company with its principal place of business located at 1805 29th Street in Boulder, Colorado. [Doc. 1 at ¶ 1]. Plaintiff is a single-member limited liability company whose sole member is Zayo Group Holdings, which is a Delaware corporation with its principal place of business also in Boulder, Colorado. [*Id.*]. Defendant is a Delaware limited liability company whose principal place of business is 5030 3rd Street, San Francisco,

California, 94124.  [Doc. 7-3 at 2].  Defendant is owned by its founder, Lady Benjamin.[1]  *See generally* [Doc. 7-1, 7-2, 7-3].

On or about September 26, 2018, Plaintiff allegedly entered into a Master Service Agreement ("Agreement") with Defendant.  [Doc. 1 at ¶ 6].[2]  According to Plaintiff's Complaint, under this Agreement Defendant submitted various service orders to Plaintiff and agreed to pay for such services.  [*Id.* at ¶¶ 7-8].[3]  Plaintiff allegedly provided the services to Defendant, which accepted and enjoyed their benefits.  [*Id.* at ¶ 9].  Plaintiff states that it continued to provide these services, despite Defendant's failure to pay monthly itemized invoices submitted by Plaintiff.  [*Id.* at ¶¶ 10-12].[4]  A set of emails that Plaintiff filed with the Court appears to show that two of its employees communicated with one of Defendant's employees regarding an unpaid balance of $123,856.52 on March 5, 2021.  [Doc. 7-1 at 2].  A reply from the Defendant's employee did not contest this balance and promised to submit payment once additional funds became available.  [*Id.* at 3].

On February 16, 2022, Plaintiff filed a Complaint in this Court. [Doc. 1].  In the Complaint, Plaintiff alleges that the Court "may properly exercise jurisdiction over all parties and the subject matter of this action" because it possesses diversity jurisdiction under 28 U.S.C. § 1332(a).  [*Id.* at ¶ 3].  Specifically, Plaintiff notes that it is a Delaware limited liability company with its principal place of business in Colorado and that Defendant is also a Delaware limited liability company with its principal place of business in California.  [*Id.* at ¶¶ 1–2].  Plaintiff also alleges that venue is

---

[1] Lady Benjamin is the stated legal and preferred name of the individual referred to as "Lady Benjamin Cannon" in the documents submitted by Plaintiff.  [Doc. 7-1 at 2].

[2] The Agreement was not submitted to the Court.

[3] These service orders were not submitted to the Court.

[4] These invoices were not submitted to the Court.

proper "because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and because Defendant is subject to the Court's personal jurisdiction with respect to the action." [*Id.* at ¶ 4]. The Complaint does not explain what services it provided to Defendant or where within this District the events giving rise to its claims occurred. *See* [Doc. 1].

Plaintiff alleges breach of contract, unjust enrichment, and account stated claims, and requests damages of $1,540,791.94 (plus accrued pre-judgment and post-judgment interest, attorneys' fees and costs).[5] [*Id.*]. Plaintiff states that it sent Defendant monthly invoices; that Defendant has an outstanding balance of $1,540,791.94; that Defendant never objected to these invoices; and that it is therefore implied that Defendant accepted the invoiced amounts as legitimate. [Doc. 1 at ¶¶ 13, 15, 26]. Plaintiff executed a summons on Defendant's registered

---

[5] In the interest of judicial economy, the Court reminds Plaintiff that damage requests must be supported by "actual proof," even in motions for default judgment. *See Klapprott v. United States*, 335 U.S. 601, 611-612 (1949). "An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied." Fed. R. Civ. P. 8(b)(6). Damages may be awarded only if the record adequately reflects the basis for the award as supported by the evidence in the record. *Klapprott*, 335 U.S. 601, 612 (1949); *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016). Courts may only enter a default judgment without a hearing when the amount claimed is either "a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)). To be considered a liquidated sum or one capable of mathematical calculation, plaintiffs seeking default judgment must provide detailed support for their damage claims. *See IMM, LLC v. Plankk Techs. Inc.*, No. 19-CV-02629-CMA, 2020 WL 902320, at *4 (D. Colo. Feb. 25, 2020) (finding the plaintiff's requested amount of damages to be capable of mathematical calculation where plaintiff provided the court with its service agreement, invoices with outstanding balances, and details of attorneys' fees and costs). Even in cases where plaintiffs provide less support for their requested amount of damages than the *IMM* plaintiff did, successful motions for default judgment still provide more detail than Plaintiff has here. *See Const. Equip. Rents, Inc. v. Watts Constructors, LLC*, No. 12-CV-1291-WJM-BNB, 2013 WL 673733, at *2 (D. Colo. Feb. 22, 2013) (entering default judgment for the amount requested by the plaintiff because it had submitted both an affidavit asserting that it was entitled to recover for missed payments and copies of the unpaid invoices); *see also Coosemans Denver, Inc. v. Red Tomato Specialty Produce, Inc.*, No. 08-CV-01074-MSK-CBS, 2009 WL 229645, at *1 (D. Colo. Jan. 29, 2009) (awarding default judgment damages based on affidavits from the plaintiff's president and attorneys detailing the value of unpaid invoices, attorney's fees, and interest on unpaid balances).

agent on March 2, 2022. [Doc. 14]. Plaintiff asserts that Defendant failed to answer its Complaint or otherwise respond. [Doc. 15]. Plaintiff submitted a Motion for Entry of Default, and the clerk entered default as to Defendant on April 21, 2022. [Doc. 15]; [Doc. 16].

Plaintiff filed its Motion for Default Judgment ("Motion") on July 15, 2022. [Doc. 19]. In the Motion, Plaintiff states that because Defendant has defaulted, the Court may accept as true the undisputed facts alleged in affidavits and exhibits. [*Id.* at ¶ 10]. Neither the Complaint, the Motion, nor the Declaration of Plaintiff's attorney Anthony Jorgenson ("Mr. Jorgenson") explains where the Agreement was entered into, what services were agreed to, or where the alleged services were provided. *See* [Doc. 1; Doc. 19; Doc. 19-1-A]. Mr. Jorgenson states that the $1,540,791.94 in damages claimed are a sum certain amount because they are the result of unpaid invoices. [Doc. 19-1-A at ¶ 10]. Therefore, Plaintiff claims that these damages are a liquidated sum deemed admitted by a combination of Defendant's alleged failure to object to the invoice amounts and its subsequent default. [Doc. 19 at ¶ 13]. As a result, Plaintiff argues that the Court can enter a default judgment for the amount claimed without the additional evidentiary materials or hearing typically required to determine damages. [*Id.* at ¶¶ 11-12]. These arguments frame the legal standard the Court will apply to Plaintiff's Motion.

## LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides for the entry of default against any party who "has failed to plead or otherwise defend" against an affirmative request for relief. Fed. R. Civ. P. 55(a). To secure a default judgment against such a party under Rule 55(b)(1) under this District's Local Rules of Civil Procedure, the movant must show that the defaulting party is not a minor or incompetent, is not in the military, has not made an appearance, and that the movant is entitled to a sum certain that can be made certain by computation. D.C.COLO.LCivR 55.1(a).

4

Even still, "the entry of a default judgment is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016).

The first step in determining whether default judgment is warranted requires the Court to resolve whether it possesses jurisdiction over a given action, and if it does, whether the well-pleaded factual allegations in the Complaint and any attendant affidavits or exhibits support judgment on the claims against the defendants. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010); *see also Magic Carpet Ski Lifts, Inc. v. S&A Co., Ltd*, No. 14-cv-02133-REB-KLM, 2015 WL 4237950, at *5 (D. Colo. June 8, 2015) ("There must be a sufficient basis in the pleadings for the judgment entered." (internal quotation marks omitted)). If the Court lacks such jurisdiction—either subject matter jurisdiction over the action, or personal jurisdiction over the defendant—default judgment cannot enter. *See Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) ("A default judgment in a civil case is void if there is no personal jurisdiction over the defendant."); *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." (emphasis and internal quotation marks omitted)).

The Court is mindful that "[t]he preferred disposition of any case is upon its merits and not by default judgment. However, this judicial preference is counterbalanced by considerations of social goals, justice and expediency, a weighing process which lies largely within the domain of the trial judge's discretion." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). With these legal standards in mind, the Court turns to a consideration of Plaintiff's Motion.

# ANALYSIS

The Court first considers whether it possesses personal jurisdiction over this matter. Plaintiff bears the burden of establishing personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008) (citing *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)); *see also Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988).

"The requirement that a court have personal jurisdiction flows from the Due Process Clause. It represents a restriction on judicial power not as a matter of sovereignty, but as a matter of individual liberty." *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000) (brackets, ellipses, and internal quotation marks omitted). "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far W. Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). "Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124, extends jurisdiction to the [United States] Constitution's full extent. The personal jurisdiction analysis here is thus a single due process inquiry." *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (internal case citations omitted).

"To exercise jurisdiction in harmony with due process, defendant[ ] must have minimum contacts with the forum state, such that having to defend a lawsuit there would not offend traditional notions of fair play and substantial justice." *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (brackets and internal quotation marks omitted); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts may give way to specific or general jurisdiction. *See Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir.

2000). General jurisdiction arises when a defendant's contacts with a forum state are so continuous and systematic to essentially render it "at home" in a state. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014). Specific jurisdiction is jurisdiction particular to the instant action and arises where a defendant purposefully directs its activities to residents of the forum, and the cause of action arises out of those activities. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1066 (10th Cir. 2007).

Respectfully, the Court finds that Plaintiff has conflated personal and subject matter jurisdiction. Plaintiff states that the Court "may properly exercise jurisdiction over all parties and the subject matter of this action" because it possesses diversity jurisdiction. [Doc. 1 at ¶ 3]. Yet personal jurisdiction must be shown by establishing minimum contacts with a forum state, not through 28 U.S.C. § 1332's requirements for establishing subject matter jurisdiction on diversity grounds. *Carper v. Peterson*, No. 22-CV-00363-CNS-MEH, 2022 WL 4131434, at *3–4 (D. Colo. Sept. 12, 2022). Plaintiff fails to make any allegations regarding Defendant's contacts in this District. *See generally* [Doc. 1].

The Complaint does not reference "contacts," and only mentions this District in noting that Plaintiff's (and not Defendant's) principal place of business is in Boulder, Colorado. *See* [Doc 1. at ¶¶ 1, 3]. The Court does not have the Agreement nor the invoices before it. The Court's review of the Complaint is similarly limited to conclusory statements regarding jurisdiction. [Doc. 1 at ¶¶ 3-4 (asserting subject matter jurisdiction and alleging that "Defendant is subject to the Court's personal jurisdiction with respect to the action.")]. The Motion and Declaration do not directly discuss jurisdiction, also limiting the Court's review. *See* [Doc. 19-1 at ¶¶ 7-8] (stating that Defendant "is a limited liability company organized and existing under the laws of the State of

7

Delaware and, as such, is neither a minor nor an incompetent person," and "is not in military service."); [Doc. 19 at ¶¶ 6-7] (reasserting these statements by reference to the Declaration).

Plaintiff bears the burden of establishing personal jurisdiction. *See Rambo*, 839 F.2d at 1417. But neither the Complaint nor Plaintiff's Motion establishes or provides sufficient factual allegations for the Court to determine whether it may exercise personal jurisdiction over Defendant.

### A.   Specific Jurisdiction

As noted, specific jurisdiction requires a defendant to direct their activities to a forum state, and that the cause of action arises out of those activities. *See Melea, Ltd.*, 511 F.3d at 1066. The specific jurisdiction analysis is two-fold. First, the Court must determine whether the defendant has sufficient minimum contacts with the forum state such that the defendant could "reasonably anticipate being haled into court there." *Monge v. RG Petro-Mach. (Grp.) Co. Ltd.*, 701 F.3d 598, 613 (10th Cir. 2012). This requires a showing of more than "random, fortuitous, or attenuated contacts"; instead, the plaintiff must demonstrate that the defendant "purposefully direct[ed]" its activities at residents of the forum and that the litigation "result[s] from alleged injuries that arise out of or relate to those activities." *Id.* (quotation omitted). Second, if such minimum contacts exist, the Court must then determine whether its exercise of personal jurisdiction over the defendant would offend "traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 105 (1987). In so doing, the Court evaluates whether the exercise of personal jurisdiction "is reasonable in light of the circumstances surrounding the case." *AST Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1061 (10th Cir. 2008).

Here, the Court is presented with insufficient information upon which to determine whether it has specific jurisdiction over Defendant. Plaintiff alleges that it entered into an Agreement with Defendant, and that pursuant to this Agreement, Defendant accepted its services and later refused to pay for them. However, none of the materials Plaintiff has submitted to the Court explain the contents of the Agreement, what services Plaintiff provided to Defendant, or where and when any of the alleged events occurred. Plaintiff has not provided information about Defendant's business activities or the events leading to its claims that would permit the Court to analyze its contacts with Colorado.

As such, the Court is unable to determine whether Defendant purposefully directed its activities at residents of Colorado or if Plaintiff's claims are related to those activities. Therefore, Plaintiff has failed to carry its burden of showing that Defendant could reasonably anticipate being haled into court in the District of Colorado, or whether it would offend traditional notions of fair play and substantial justice to do so.

### B.     General Jurisdiction

General jurisdiction exists when the defendant's contacts with the forum are "'so continuous and systematic as to render [it] essentially at home in the forum State.'" *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). To determine whether an out-of-state defendant may be deemed "at home" in the forum state, the United States Court of Appeals for the Tenth Circuit ("Tenth Circuit") considers the following factors: (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state through advertisements,

9

listings or bank accounts; and (4) the volume of business conducted in the state by the corporation. *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 457 (10th Cir. 1996). The Tenth Circuit has further noted that "engaging in commerce with residents of the forum state is not in and of itself the kind of activity that approximates physical presence within the state's borders." *Shrader*, 633 F.3d at 1243.

Here, the Court cannot determine whether Defendant is sufficiently "at home" in the District of Colorado to justify general jurisdiction. To the contrary, the Complaint alleges only that Defendant's principal place of business is in California, that its owner is a citizen of California, and that it did business with Plaintiff, whose principal place of business is in Colorado. However, engaging in commerce with a Colorado resident is not sufficient to "approximate physical presence within the state's borders" as required under *Shrader*. *See Gordon * Howard Associates, Inc. v. Lunareye, Inc.*, No. 13-CV-01829-CMA-MJW, 2013 WL 5637678, at * 3–4 (D. Colo. Oct. 15, 2013) (finding that the defendant's activities were insufficient to approximate physical presence where the complaint alleged only that the defendant had sold hardware and software to two entities present in Colorado and "pursued a strategic partnership" with a third.); *Ensign United States Drilling, Inc. v. B & H Rig & Tong Sales*, No. 13-CV-00724-LTB, 2013 WL 5834558, at *4 (D. Colo. Oct. 30, 2013) (reasoning that a repair company's activities did not approximate physical presence because it was "clearly located solely in Wyoming, provides invoices from there, and does almost all its repair work there," even when it also did business with Colorado clients).

In this case, Plaintiff has failed to present the Court with a sufficient basis upon which to conclude that the *Kuenzle* factors show that Defendant is at home in the District of Colorado. Addressing the first factor, Plaintiff does not allege that Defendant solicits business in Colorado through a local office or agents. *See* [Doc. 1]. Nor does Plaintiff sufficiently allege the second

factor—that Defendant sends agents to Colorado on a regular basis to solicit business. *See* [*id.*]. Third and similarly, the Court is presented with no information regarding advertisements, listings, or bank accounts Defendant may have in Colorado. *See* [*id.*]. Turning to the final factor, Plaintiff alleges that Defendant has a $1,540,791.94 unpaid balance, [*id.* at ¶ 15], but provides no further information on the volume of Defendant's business in Colorado. Assuming the amount of Defendant's unpaid balances to be true, this is still insufficient to show that Defendant is essentially at home in Colorado. *See Wardell v. Am. Dairy Goat Ass'n*, No. 21-CV-01186-PAB-NRN, 2022 WL 375577 at *7 (D. Colo. Feb. 8, 2022), *report and recommendation adopted*, 21-CV-01186-PAB-NRN, 2022 WL 596276 (D. Colo. Feb. 28, 2022) (finding that a national dairy goat association's volume of business in Colorado was insufficient under *Kuenzle*, even when it had held two shows, sanctioned six others, performed appraisals, and issued testing permits for goat herds in the State).

Therefore, the Court lacks a sufficient factual basis upon which to find that it possesses either general or specific personal jurisdiction over Defendant. To the extent Plaintiff renews its Motion for Default Judgment, Plaintiff should address the deficiencies that the Court has identified herein.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that:

(1)　Plaintiff's Motion for Default Judgment [Doc. 19] is respectfully **DENIED WITHOUT PREJUDICE**; and

(2)　A copy of this Order shall be sent to:

> Zayo Group, LLC
> 1805 29th Street
> Suite 2050
> Boulder, CO 80301

11

DATED: October 26, 2022            BY THE COURT:

_____
Nina Y. Wang
United States District Judge

12